UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

March 4, 2013

LETTER TO COUNSEL:

RE:   *Margaret Lee Dunn v. Commissioner, Social Security Administration*;
   Civil No. SAG-11-2217

Dear Counsel:

On August 10, 2011, the Plaintiff, Margaret Lee Dunn, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Dunn's reply. (ECF Nos. 20, 27, 28). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Ms. Dunn filed her claim on September 17, 2007, alleging disability beginning on January 1, 2004. (Tr. 117-25). Her claim was denied initially on November 26, 2007, and on reconsideration on June 9, 2008. (Tr. 71-75, 79-80). A hearing was held on September 16, 2009 before an Administrative Law Judge ("ALJ"). (Tr. 34-66). Following the hearing, on December 23, 2009, the ALJ determined that Ms. Dunn was not disabled during the relevant time frame. (Tr. 13-33). After admitting new evidence, the Appeals Council denied Ms. Dunn's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Ms. Dunn suffered from severe impairments including chronic obstructive pulmonary disease, depression, anxiety, bipolar disorder, personality disorder, and obesity. (Tr. 19). Despite these impairments, the ALJ determined that Ms. Dunn had retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could lift 20 pounds occasionally, 10 pounds frequently, bend and walk in excess of two hours but less than 6 hours with a sit/stand option, occasionally pushing and pulling with the lower extremities, avoiding all exposure to ladders, scaffolds, dangerous heights and dangerous machinery, and avoiding concentrated exposure to temperature and humidity changes, dust, fumes and gases, able to

*Margaret Lee Dunn v. Commissioner, Social Security Administration*
Civil No. SAG-11-2217
March 4, 2013
Page 2

> understand, remember and carry out simple instructions, has some difficulty maintaining an 8 hour per day, 5 day per week, 40 hour workweek because of her symptoms but can concentrate, pay attention and persist adequately with simple instructions and can persist at that level of complexity give normal breaks with that work schedule, some difficulty getting to work on time and keeping normal tolerances for breaks but with effort and occasional reminding can do it, her bosses criticism can be a little difficult to deal with but with motivation can deal with the boss without major problems, sometimes distracted by others but can work around others, and does not require non-public work.

(Tr. 27). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Dunn could perform jobs that exist in significant numbers in the local and national economy, and that she was therefore not disabled during the relevant time frame. (Tr. 32-33).

Ms. Dunn presents four primary arguments on appeal: (1) that the ALJ should have found several additional impairments to be severe at step two; (2) that the ALJ failed to properly analyze her mental impairments; (3) that the ALJ's RFC is not supported by substantial evidence; and (4) that the Appeals Council erred in its treatment of the new and material evidence she submitted. Each argument lacks merit.

First, Ms. Dunn submits that the ALJ should have found that her ankle impairment, aortic stenosis, and Hepatitis C constituted severe impairments at step two. An impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that her impairment is severe. *See Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397, at *2 (D. Md. Jan. 23, 2012) (citing *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)). In addition, the claimant must establish that an impairment, other than one expected to result in death, has lasted or is expected to last "for a continuous period of at least twelve months." 20 C.F.R. § 404.1509. Ms. Dunn contests the ALJ's determination that neither her ankle injury nor her aortic stenosis met the durational requirement. However, the record does not indicate that recovery from her ankle surgery exceeded or would be expected to exceed twelve months. With respect to aortic stenosis, regardless of the duration, no medical evidence indicates that aortic stenosis caused significant limitations in Ms. Dunn's ability to work. In fact, as the ALJ noted, Ms. Dunn did not mention a cardiac impairment during her hearing testimony. (Tr. 25). Accordingly, the ALJ did not err by determining that Ms. Dunn's ankle injury and aortic stenosis were not severe. As to Hepatitis C, the ALJ summarized the records from Dr. Moran relating to Ms. Dunn's diagnosis and the commencement of treatment. (Tr. 24-25). The ALJ correctly noted that Ms. Dunn had provided no evidence substantiating ongoing treatment from Dr. Moran. (Tr. 25) Even in Ms. Dunn's subsequent submission of records to the Appeals Council, only one additional report from Dr. Moran, from April 2, 2009, was supplied. (Tr. 734). Although there is one letter in the file from Ms. Dunn to Dr. Moran in January, 2009, complaining of side effects from medications, there is no evidence of any corroborating examination from Dr. Moran, or any evidence that he considered her letter at all. Moreover, Ms. Dunn saw her primary care physician on January 23, 2009, and the notes from that examination reflect no report of serious

side effects from medication. (Tr. 370). Because the ALJ's evaluation of Ms. Dunn's Hepatitis C is supported by substantial evidence, it presents no basis for remand.

Ms. Dunn's second primary argument is that the ALJ failed to properly analyze her mental impairments. She alleges that the failure to include objective medical evidence in the application of the special technique invalidates the conclusions. Pl. Mot. 28-29. The ALJ is in fact required to consider all evidence on record, both medical and non-medical. *See* 20 C.F.R. §§ 404.1594(b)(6), 416.994(b)(1)(vi) (2009). Although not specifically referenced in the section addressing the special technique, the ALJ expressly assigned "great weight" to the opinion of Dr. Lessans, which matched the ALJ's determinations in terms of the amount of limitation in each of the four functional areas. (Tr. 26, 30-31). The contrary evidence cited by Ms. Dunn, including the opinion of Dr. Bautista and the claimant's own function reports, was assigned little weight by the ALJ for reasons addressed below. Finally, Ms. Dunn's criticism of the ALJ for using excerpts from third party function reports is entirely unwarranted. Both parties selectively choose evidence supporting their relative perspectives in a case. The ALJ is charged with considering all of the evidence and then setting forth the evidence used to support her opinion. In so doing, she need not reiterate pieces of evidence in their entirety.

Ms. Dunn next challenges the validity of the RFC. Her RFC position contains four sub-arguments: (1) failure to consider the circumstances surrounding her inability to work at Go-Getters; (2) failure to consider her obesity in combination with other impairments; (3) failure to consider her Hepatitis C in combination with other impairments; and (4) improper assignments of weight to treating physician Dr. Bautista and non-examining consultant Dr. Lessans. As described below, each RFC sub-argument is deficient.

Ms. Dunn's first RFC sub-argument is that the ALJ failed to consider her affidavit regarding the reasons for her inability to continue work at Go-Getters. Certainly, the ALJ's demeanor at the hearing in this matter demonstrated excessive impatience with Ms. Dunn's counsel, and resulted in Ms. Dunn having to present some of her testimony by way of affidavit. (Tr. 43, 46-48, 49-50, 55-56, 241-45). However, because the ALJ made a valid adverse credibility determination regarding the "intensity, persistence, and limiting effects" of Ms. Dunn's symptoms (Tr. 30), there is no reason to think that the ALJ would have viewed Ms. Dunn's explanation differently had it been presented live at the hearing. The records from Go-Getters (Tr. 776) indicating that Ms. Dunn was unable to continue working because of her somatic issues were only submitted at the Appeals Council state, and thus could not have been considered by the ALJ. Regardless, the fact that Ms. Dunn could not continue working as a housekeeper does not establish that the ALJ's conclusion that she was capable of certain limited employment was erroneous.

Ms. Dunn's second RFC sub-argument is that the ALJ failed to consider her obesity in combination with her COPD. Ms. Dunn has not cited, and I have not found, any evidence of record suggesting that Ms. Dunn's obesity adversely affected either her functioning or her COPD. The claimant carries the burden of showing how her obesity affected her ability to perform work-related functions. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (finding

that the applicant bears the burden of production and of proof during the first four steps of the inquiry). Because Ms. Dunn has not identified how her obesity limited her to a greater extent than the ALJ found, she has failed to carry her burden. *See Brown v. Astrue*, No. JKS-09-1792, 2011 WL 129006, at *2 (D. Md. Jan. 14, 2011) ("having identified no evidence to suggest that his obesity caused greater limitations than the ALJ assigned, Brown has shown no basis for remand.").

Ms. Dunn's third RFC sub-argument is similarly deficient, because she alleges that the ALJ failed to consider her Hepatitis C in combination with her other impairments, including medication side effects and mental health concerns. Given the limited evidence pertaining to any treatment for Hepatitis C, as addressed above, the record is devoid of proof that her Hepatitis C exacerbated any other impairments.

Ms. Dunn's fourth and final RFC argument relates to the assignment of weight to her physicians. Ms. Dunn contends that the ALJ should have assigned greater weight to the opinion of her treating mental health physician, Dr. Bautista. Pl. Mot. 39. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). In fact, if a doctor's own notes provide insufficient or contradictory support for the doctor's conclusions, an ALJ may properly assign less than controlling weight. *See Forsyth v. Astrue,* CIV.A. CBD–09–2776, 2011 WL 691581, at *4 (D. Md. Feb.18, 2011) (finding the ALJ properly assigned less than controlling weight where, in relevant part, the physician's conclusions were inconsistent with his own medical records); *Cramer v. Astrue,* 2011 U.S. Dist. LEXIS 102968, at *28 (D.S.C. Sept. 12, 2011) (upholding assignment of less than controlling weight to opinions "that were based in large part on the plaintiff's self-reported symptoms rather than clinical evidence and that were not consistent with the doctor's own treatment notes"); *see generally* 20 C.F.R. § 404.1527(c)(3) (stating that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). In this case, the ALJ addressed Dr. Bautista's opinions in great detail. (Tr. 20-21, 29, 31). After reviewing all of the treatment records, the ALJ found that Dr. Bautista's opinions were inconsistent with his own notes reflecting Ms. Dunn's relative stability, including a set of notes from eight days prior to the opinion showing that Ms. Dunn was "very stable." (Tr. 31, 337). I am readily able to discern, from the ALJ's analysis, the reasons she chose to afford little weight to the opinions of Dr. Bautista. The analysis is supported by substantial evidence.

Ms. Dunn also alleges that the assignment of "great weight" to Dr. Lessans was in error because Dr. Lessans evaluated the file in October of 2007, and did not have the benefit of subsequent mental health treatment records. Although the date of the opinion should be taken into account, a medical opinion is not invalidated simply because it does not account for all subsequent developments. Moreover, Dr. Prout, another reviewing state agency physician, affirmed Dr. Lessans's opinion on June 8, 2008, after reviewing new medical evidence of record. (Tr. 355).

Ms. Dunn's last argument is that the Appeals Council should have remanded her case after receiving new and material evidence. The record reflects that the Appeals Council both received and considered the cited evidence. (Tr. 1-6). Although Ms. Dunn's counsel believed that the evidence warranted a different result, nothing in the record demonstrates that the Appeals Council committed any procedural error. Moreover, it is not clear that the new evidence undermines the ALJ's analysis. The records from Go-Getters provide anecdotal support for Ms. Dunn's position that she suffered medication side effects relating to Hepatitis C. (Tr. 767, 771, 772, 774, 776). However, all of that evidence derives from subjective reports made from Ms. Dunn to Go-Getters. Moreover, the Go-Getters records do not reflect her soliciting medical treatment for any of the alleged side effects, which was the ALJ's primary concern. The Appeals Council also received records from Ms. Dunn's psychiatric hospitalizations. (Tr. 782-855). Although those records were not in evidence before the ALJ, they pertain to isolated time periods, and the ALJ had acknowledged Ms. Dunn's periods of decompensation. (Tr. 21, 26). "[T]he regulatory scheme does not require the Appeals Council to do anything more than what it did in this case, *i.e.,* 'consider new and material evidence . . . in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The Appeals Council is not required to take any specific action in response to that new and material evidence, and is not required to provide a detailed explanation of its evaluation. *Id.* I cannot therefore conclude that the Appeals Council discharged its duties improperly.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 20) will be DENIED, and the Commissioner's motion for summary judgment (ECF No. 27) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge